**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANNE EMERSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No. 15-cv-3412 |
| | ) | |
| v. | ) | |
| | ) | |
| GRAGIL ASSOCIATES, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff, Anne Emerson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## **PARTIES**

3. Plaintiff, Anne Emerson ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to the Medical-Boston Derm Laser Center. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Gragil Associates, Inc., ("Gragil") is a Massachusetts corporation that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts from consumers in virtually every state, including consumer in Illinois. (Exhibit A, Record from Massachusetts Secretary of State).

5. Gragil conducts business in Illinois by regularly collecting debts from Illinois consumers, and communicating credit information about Illinois consumers to the TransUnion consumer reporting agency which is headquartered in Chicago, Illinois.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred an alleged debt for medical services, originally to the Medical-Boston Derm Laser Center ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

7. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

8. Gragil was subsequently retained, hired or otherwise assigned the alleged debt for collection.

9. Plaintiff consulted with legal aid attorneys at Debtors Legal Clinic, who, on February 17, 2015, sent a letter to Gragil, indicating that Plaintiff disputed the alleged debt. (Exhibit B, Representation Letter).

10. Gragil received Plaintiff's letter shortly thereafter.

11. On April 4, 2015, Gragil communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency.

12. Gragil communicated, *inter alia*, an account balance, an account number, and a date reported. (Exhibit C, Excerpt from TransUnion Consumer Credit Report).

13. Gragil failed to communicate alleged debt as disputed.

14. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

15. On or before April 4, 2015, Gragil knew that Plaintiff had disputed the alleged debt because Plaintiff's counsel had previously notified Gragil of that dispute by letter on February 17, 2015.

16. Even though Gragil knew or should have known, prior to April, 2015, that Plaintiff disputed owing the alleged debt, Gragil failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when Gragil communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

17. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff re-alleges the above as if set forth fully in this count.

19. Even though Gragil knew or should have known, prior to April 4, 2015, that Plaintiff disputed owing the alleged debt, Gragil failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when Gragil communicated other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

20. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com